UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| JOHN P. FERREIRA, et al.,    | ) |                              |
|                              | ) |                              |
| Plaintiffs,                  | ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 08-11667-PBS |
|                              | ) |                              |
| TOWN OF REHOBOTH, et al.,    | ) |                              |
|                              | ) |                              |
| Defendants.                  | ) |                              |

ORDER ON PENDING MOTIONS

January 27, 2010

SOROKIN, M.J.

After a hearing on the pending motions, the Court enters the following Orders:

1. The Plaintiffs have withdrawn their Motion to Impound Documents (Docket # 72) and it is ORDERED that the Clerk shall administratively terminate the motion.

2. The Defendants' Assented-To Motion to File Documents Under Seal (Docket # 79) is ALLOWED.

3. The Plaintiffs have withdrawn their Motion for Protective Order Regarding Depositions (Docket # 74) as it pertains to deponents Barlow and Paquette. The motion is ALLOWED IN PART and DENIED IN PART with regard to the remaining deponent, Mr. Bennett. The Defendants' counsel may depose Mr. Bennett for an additional ninety minutes, to be followed by reasonable inquiry from the Plaintiffs' counsel, and reasonable follow up from the Defendants'

1

counsel, confined solely to the subject matter of Plaintiffs' counsel's inquiry.

4. The Plaintiffs' Motion to Compel Production of Documents Obtained by Record Subpoena (Docket # 70) is DENIED AS MOOT, in light of agreements reached in open court. It is ORDERED that the Defendants shall propose to the Plaintiffs a Protective Order to govern the production of such documents (including both those documents already obtained but not yet shared with the Plaintiffs, as well as those obtained subsequently from similar Rule 45 subpoenas). By the close of business on Friday, February 4, 2011, the Parties shall jointly submit either (1) an agreed-upon Protective Order, for the Court's approval; or (2) a joint filing for resolution by the Court setting forth the Parties respective proposed language and their positions regarding same.

5. The Plaintiffs' Motion to Strike Objections and Compel Production of Documents (Docket # 66) is DENIED. The Defendants have disclaimed in open court any reliance upon an advice of counsel defense and there is no evidence that they have previously raised such a defense in this case. The standard for qualified immunity is an objective standard – that is, whether a reasonable person in the actor's position, in light of the factual information known to him, could believe that his actions were lawful in light of clearly-established law. Harlow v. Fitzgerald, 457 U.S. 800, 818-819 (1982). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." Id. Counsel's advice concerning the lawfulness of the Defendants' actions (if any was given) is not relevant to such an

objective analysis, nor is it relevant to whether the law was clearly established. The historical facts as known to the Defendants are open to discovery and Defendants' counsel has not suggested otherwise.

6. The Defendants' Motion to Quash the Deposition Subpoena addressed to their counsel, Mr. Silverstein(Docket # 81) is ALLOWED.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE