UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN P. FERREIRA, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 08-11667-JLT |
| TOWN OF REHOBOTH, et al., | * | |
| Defendants. | * | |

ORDER

June 1, 2011

TAURO, J.

This court hereby orders that:

1. Plaintiffs' <u>Motion to Strike Errata Sheet of Nonparty Deponent Alan Gosselin</u> is [#101] is DENIED. Alan Gosselin has provided legitimate reasons for his proposed changes[1] and this court cannot conclude that his changes are made in "bad faith or otherwise in violation of Rule 30(e)."[2] Moreover, both Mr. Gosselin's original answers and his changes remain part of the record and may be available to Defendants for cross-examination of Mr. Gosselin.[3] The cases that

---

[1] <u>See</u> Mem. Law Supp. Pls.' Mot. Strike Errata Sheet Nonparty Deponent Alan Gosselin, Ex. C [#102] [hereinafter Mem. Law Supp. Mot. Strike].

[2] <u>Bennett v. Kent Cty. Mem'l Hosp.</u>, No. 07-163ML, 2009 U.S. Dist. LEXIS 2683, at *6–7 (D.R.I. Jan. 14, 2009) (internal citations omitted).

[3] <u>See</u> <u>Glenwood Farms, Inc. v. Ivey</u>, 229 F.R.D. 34, 35 (D. Me. 2005) (internal citations omitted); <u>Elwell v. Conair, Inc.</u>, 145 F. Supp. 2d 79, 87–88 (D. Me. 2001) (explaining that "the jurors should be able to discern the artful nature of the changes").

Plaintiffs rely upon are not on point.[4] Additionally, it appears that Mr. Gosselin's original, timely errata sheet did not include explanations for the contested changes.[5] It is unclear if Mr. Gosselin's explanations were produced before the expiration of the thirty-day period provided under Rule 30(e).[6] Plaintiffs, however, do not explicitly raise this argument as a reason to strike Mr. Gosselin's errata sheet.[7] Accordingly, this court will not consider the argument.[8]

2. Plaintiffs' <u>Motion to Compel Defendant Christopher Morra to Allow the Release of Documents From the Massachusetts Division of Professional Licensure in Unredacted Form</u> [#109] is DENIED. The "data subject" has exercised his rights to protect personal data.[9] Plaintiffs provide no legal authority that compels this court to disregard Defendant Morra's decision to exercise his rights. This court

---

[4] <u>Bruno v. Town of Framingham</u>, No. 08-cv-11403-LTS, 2009 U.S. Dist. LEXIS 108729, at *3–6 (D. Mass. Nov. 20, 2009), for instance, involved a deponent who failed to give "any explanation" for the change in his testimony and did not submit his errata sheet within the time allowed under Rule 30(e).

[5] <u>See</u> Mem. Law Supp. Mot. Strike, Ex. B [#102].

[6] <u>See</u> Mem. Law Supp. Mot. Strike, Ex. C [#102] (bearing a signature date of October 6, 2010).

[7] <u>See</u> Mem. Law Supp. Mot. Strike [#102]; <u>cf.</u> <u>In re: Kugel Mesh Hernia Repair Patch Litig.</u>, No. 07-1842ML, 2010 U.S. Dist. LEXIS 16538, at *15–17 (D.R.I. Feb. 23, 2010) (reading Rule 30(e) strictly and finding that initial, timely errata sheets that did not include explanations were deficient when explanations were filed three months later).

[8] The First Circuit has repeatedly affirmed that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." <u>Harriman v. Hancock Cnty.</u>, 627 F.3d 22, 28 (1st Cir. 2010) (internal citation and quotation marks omitted).

[9] <u>See</u> M.G.L. c. 66A, § 2(k).

will, therefore, not disturb Defendant Morra's decision.[10]

3. The Parties shall continue complying with this court's prior Order [#96] and all of its deadlines.

IT IS SO ORDERED.

                                                        /s/ Joseph L. Tauro
                                                 United States District Judge

---

[10] See Allen v. Holyoke Hosp., 398 Mass. 372, 379–380 (1986) (explaining that section 2(k) of Massachusetts General Law chapter 66A does not require that records be disclosed). Moreover, Plaintiffs have not argued, let alone demonstrated, that the collective public interest in disclosure warrants an invasion of the data subject's privacy. See Rosie D. v. Romney, 256 F. Supp. 2d 115, 117 (D. Mass.2003) ("[A] party to litigation, in the normal course, must first demonstrate that the 'collective public interest in disclosure warrants an invasion of the data subject's privacy.'" (quoting Allen, 398 Mass. at 381)).